**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-cv-24971-GAYLES

PETER JOSHUA LABRECK,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING,

    Defendant,

_____/

**ORDER DISMISSING CASE**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Peter Joshua LaBreck, appearing *pro se*, filed this action on November 29, 2016 [ECF No. 1]. He also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 4]. Because the Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Plaintiff alleges that Defendant violated his rights under the Fair Credit Reporting Act ("FCRA") by causing incorrect and/or untrue information to be reported on his consumer credit reports. "[T]he FRCA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of America*, 355 Fed. App'x 380, 382 (11th Cir. 2009). In this action, Plaintiff alleges that Defendant was a "furnisher" of information to Equifax, Transunion, and Experian. Section 1681s-2 of the FRCA imposes two separate duties on furnishers. Section 1681s-2(a) requires furnishers to submit accurate information to reporting agencies and Section 1681s-2(b) requires furnishers to investigate and promptly respond to notices of consumer disputes. *See Green v. RBS Nat'l Bank*, 288 Fed.App'x 641, 642 (11th Cir. 2008). There is no private cause of action for violations of Section 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c)-(d).

"The FRCA does provide a private cause of action for violations of § 1681s-2(b), 'but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.'" *Jackson v. Bank of New York Mellon,* Case No. 16-062-CG-M, 2016 WL 4942085 at *14 (S.D. Ala. July 19, 2016) (quoting *Peart v. Shippie*, 345 Fed. App'x 384, 386 (11th Cir. 2009)).   Plaintiff fails to allege that Defendant received notice of the instant consumer dispute yet failed to investigate and respond.   Accordingly, Plaintiff fails to adequately allege a claim under the FCRA.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(ii).   This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE